

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| CLARENCE HUELL,<br>　　　Plaintiff,<br><br>vs.<br><br>JON OZMINT and MCKITHER BODISON,<br>　　　Defendants. | §<br>§<br>§<br>§　CIVIL ACTION NO. 1:09-1613-HFF-SVH<br>§<br>§<br>§<br>§ |

## ORDER

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendants' motion for summary judgment be granted, and that Plaintiff's pending discovery motions be dismissed as moot. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 19, 2010, and the Clerk of Court entered Plaintiff's objections to the Report on August 5, 2010.

*A.  Summary of Plaintiff's Lawsuit and the Report*

As discussed in the Report, Plaintiff asserts three claims for relief in this action. First, he insists that Defendants failed to protect him when he was assaulted by his cellmate. Second, Plaintiff challenges the use of S.C. Code Ann. § 24-13-80 to deduct money from his inmate trust account to cover the cost of copies and postage. Finally, Plaintiff challenges his prison disciplinary charge of weapon possession.

The Magistrate Judge concluded that Plaintiff's failure-to-protect and inmate trust account claims did not survive summary judgment because Plaintiff failed to exhaust his administrative remedies as to those claims. Alternatively, the Magistrate Judge concluded that Plaintiff's failure-to-protect claim fails on its merits because Plaintiff did not demonstrate that Defendants knew of a specific risk of harm to him and consciously disregarded it. As to Plaintiff's improper discipline claim, the Magistrate Judge first questioned whether Plaintiff's claim was cognizable under § 1983 because he failed to demonstrate that his "conviction" for violating the prison regulations had been invalidated. Additionally, the Magistrate Judge concluded that Plaintiff failed to present any evidence that would create a genuine issue of material fact that the disciplinary hearings were unconstitutional. Finally, the Magistrate Judge concluded that even if Plaintiff had shown a constitutional violation that Defendants were entitled to qualified immunity.

*B.  Plaintiff's Objections related to his failure-to-protect and inmate trust account claims*

In his Objections, Plaintiff first disagrees with the Magistrate Judge's conclusion regarding exhaustion of administrative remedies. Notably, Plaintiff does not contend that he exhausted his administrative remedies, but, instead, he maintains that he was not required to exhaust his administrative remedies. To support his proposition, Plaintiff cites cases that predate the exhaustion

mandate of the Prison Litigation Reform Act of 1996 (PLRA) such as *Patsy v. Board of Regents*, 457 U.S. 496 (1982) and *Wilwording v. Swenson*, 404 U.S. 249 (1971), which are no longer good law on the proposition for which Plaintiff cites them. Plaintiff also relies on a decision from the Court of Appeals for the Second Circuit, which distinguished between "excessive force" and "prison condition" claims under § 1983 and held that only claims related to prison conditions need to be exhausted. *Nussle v. Willette*, 224 F.3d 95, 100 (2nd Cir. 2000). However, *Nussle* was reversed by the Supreme Court. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.") In short, Plaintiff fails to cite any controlling authority to support his proposition that he is not required to exhaust his administrative remedies.

Because Plaintiff failed to exhaust his failure-to-protect claim and his inmate trust account claims, those claims will be dismissed without prejudice. Although the Magistrate Judge alternatively considered the merits of Plaintiff's failure-to-protect claim, having determined that Plaintiff failed to exhaust his administrative remedies, the Court declines to reach the merits of that claim nor discuss Plaintiff's related objections to the merits on pages two through four of his Objections. Prison officials should be given the first opportunity to consider these issues. *See id.* at 525 (discussing purposes of PLRA and noting that through its enactment "Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.").

C. *Plaintiff's Objections related to his claim of improper discipline*

As noted above, Plaintiff's final claim relates to his punishment by Defendants for possession of a weapon. Plaintiff insists that there is insufficient evidence to establish that he actually possessed the weapon that he was accused of possessing. (Pl.'s Objections 5-6.) He also argues that the weapon description in the incident report was "doctored up" and describes a different weapon than the one found in the cell. Plaintiff asserts generally that Defendants lacked subject matter jurisdiction to hear the charge, failed to maintain a proper chain of custody of the evidence, and failed to prove his possession beyond a reasonable doubt.

Plaintiff's challenge to Defendants' disciplinary proceeding more closely resembles a challenge that one might make to a formal criminal trial. However, Plaintiff does not enjoy the same due process rights that an accused criminal defendant enjoys. *See Sandin v. Connor*, 515 U.S. 472, 485 (1995) ("'[L]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'") (citation omitted); *McKune v. Lile*, 536 U.S. 24, 36 (2002) ("A broad range of choices that might infringe constitutional rights in free society fall within the expected conditions of confinement of those who have suffered a lawful conviction."). As noted in the Report, Plaintiff's discipline included the loss of visitation, phone, and canteen privileges for 180 days. To infringe upon any constitutionally-protected liberty interest, these deprivations must "impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin*, 515 U.S. at 484 (stating test). The Court finds that the loss of these privileges fails to implicate such an interest. *See Beverati v. Smith*, 120 F.3d 500, 504 (4th Cir. 1997) (holding that six month administrative segregation fails to implicate liberty interest); *Richardson v. South Carolina Dep't of Corrections*,

No. 4:08-2597-RBH-TER, 2009 U.S. Dist. LEXIS 82129 (D.S.C. Aug. 10, 2009) (collecting cases holding that there is no absolute right to prison visitation and that canteen access is not a protected liberty interest).

However, even assuming that Plaintiff's claim implicates a protected liberty interest, Plaintiff still fails to establish a constitutional violation. The Court reviews disciplinary decisions from a position of deference to the expertise of prison officials in light of their goals of preserving internal order and maintaining institutional security. *Whitley v. Albers*, 475 U.S. 312, 321-322 (1986). Moreover, the Fourth Circuit has stated that "courts are not in the business of running prisons" and that considerations of prison management are properly "weighed by the legislature and prison administration rather than a court." *Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994) (citations omitted). With this guidance in mind, in considering the sufficiency of the evidence against Plaintiff, the Court finds that there is ample evidence in the record to support Defendants' position that a "weapon" was found in Plaintiff's cell. *Cf. Superintendent v. Hill*, 472 U.S. 445, 455 (1985) (noting due process is satisfied if "some evidence" supports the prison official's decision). Notably, Plaintiff admits as much, he simply denies that the weapon was his or that it was described accurately in the incident report. Moreover, Plaintiff was afforded both an initial hearing and an appeals process in accordance with the South Carolina Department of Corrections Disciplinary Policy. (Defs.' Mot. for Summ. J. Ex. B-E.) Given that the presence of a weapon in a cell directly impacts the goal of institutional security, the Court defers to the experience of Defendants and concludes that Plaintiff's challenge to his weapon's "conviction" fails.

In light of this conclusion, the Court need not decide the question of qualified immunity addressed in the Report or Plaintiff's objections regarding the same.

D.  *Plaintiff's discovery motions*

Finally, Plaintiff objects to the Magistrate Judge's treatment of his discovery motions. The Magistrate Judge concluded that Plaintiff's discovery motions would be moot in light of her recommendation. The Court agrees, though a closer examination is warranted. Significantly, Plaintiff's discovery motions all seek information related to his failure-to-protect claim. Specifically, Plaintiff seeks the psychological and medical records of the inmate who assaulted him. As Plaintiff has failed to exhaust his administrative remedies on that claim, his related motions to compel are moot.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report to the extent it is not inconsistent with this Order and incorporates it herein. Therefore, it is the judgment of this Court that Plaintiff's failure-to-protect and inmate trust account claims are **DISMISSED** *without prejudice*, Defendants' motion for summary judgment is **GRANTED** as to Plaintiff's improper discipline claim, and Plaintiff's pending discovery motions are **MOOT**.

**IT IS SO ORDERED**.

Signed this 16th day of August, 2010, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.